Nicholson, C. J.,
delivered the opinion of the court.
William Larkins died in Hawkins county, in February, 1871, intestate, leaving a widow and two children, and seized and possessed of real and personal property. At the March term, 1871, of the county court, George T. Lar *395 kins, the son, was appointed and qualified as administrator. This bill is filed by Joseph Wallace and his wife, she being a daughter of Wm. Larkins, deceased, and one of his heirs and distributees, against George T. Larkins, the administrator, and his sureties, as such, and Mariah Larkins, the widow of Wm. Larkins. The bill was filed on the 5th of April, 1875, four years after the qualification of the administrator, and alleges that down to that time no settlement-had been made by him with the county court; but, it is alleged that, notwithstanding the personal assets of the -estate were sufficient to- have paid off all the debts, that there was pending in the circuit court a petition for the sale of the real estate to satisfy debts alleged still to be due. Various acts of malfeasance are charged against the administrator, and in some of these acts the widow is charged to have colluded with the administrator in wasting the -estate, or in appropriating it to their own benefit. The bill was demurred to-,1 and various causes of demurrer assigned, multifariousness being the most prominent of these -causes.
The chancellor sustained the demurrer and dismissed the bill. In this there was error. There was nothing demurrable in seeking for an account of the administrator’s trust, with the view of ascertaining whether any ground existed for the application to sell the land to- pay debts; -and in the same bill praying for a partition of the land in the event it should be found that the personal assets were sufficient to have paid the debts, if properly administered.
In any event, whether it was necessary to sell the land to pay debts, or if no such necessity existed, and the land was subject to partition, the widow was a proper party.
But we think several of the causes of the demurrer were based on an erroneous interpretation of the allegations of the bill, and for that reason were not well taken.
The allegations of the bill are of a character that ought *396 to be answered, and we think the demurrer was erroneously sustained.
The decree dismissing the bill is reversed, and the cause remanded for answer and further proceedings.
The costs of this court will be paid by defendants.